### COMMISSIONERS' COURT OF NACOGDOCHES COUNTY v. WINDER et al.

#### No. 3242.

Court of Civil Appeals of Texas.
Beaumont.

Jan. 27, 1938.

P. A. Sanders, Jack Varner, F. I. Tucker, and Adams & McAlister, all of Nacogdoches, for plaintiff in error.

J. J. Greve and Russell & Edwards, all of Nacogdoches, for defendants in error.

WALKER, Chief Justice.

The Commissioners' Court of Nacogdoches County, in 1937, entered the following order, fixing the salaries of the county officers for the year 1937: "The salaries of the various county officials were set as following by the Commissioners Court; County Judge $2,750.00; County Attorney $2,650.00; District Clerk $2,750.00; Sheriff $3,500.00; County Treasurer $1,500.00; Tax Assessor-Collector $3,500.00; County Clerk $3,000.00; Commissioners Precinct Nos. 1, 2, & 4 $1,600.00, each for the year 1937. W. M. Russell, G. B.Whitaker and Guy Hurst voted 'Yes' and John G. Williamson voted 'No'".

In entering this order the Commissioners' Court acted under the following provisions of article 3912e:

"Sec. 13. The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, to-wit:

"Sheriff, assessor and collector of taxes, county judge, county attorney, including criminal district attorneys and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector.

"Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935."

"Sec. 15. The Commissioners' Court in counties having a population of less than twenty thousand (20,000) inhabitants, according to the last preceding Federal Census at the first regular meeting in January of each calendar year, may pass an order providing for compensation of all county and precinct officers on a salary basis. The Commissioners' Court in each of such counties is hereby authorized, and it shall be its duty, to fix the salaries of Criminal District Attorneys. In the event such Court passes such order they shall pay to each of said District and County officers in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by said officer in his said official capacity for the fiscal year of 1935 and not more than the maximum allowed such."

This suit was instituted by F. C. Winder, county clerk, Vernis Fulmer, county attorney, and J. Farris Jinkins, district clerk, county officers of Nacogdoches county, appellees, against appellants, the Commissioners' Court of Nacogdoches County, and the individual members of the court, alleging that they earned for the year 1935 the following sums of money, respectively: County clerk, $3,254.81; county attorney, $3,248.43; and district clerk $3,257.03; and that, in fixing their salaries, the Commissioners' Court acted arbitrarily, without hearing or considering any facts, and without considering the official fees earned by these officials for the year 1935. Appellees prayed for a writ of mandamus, directing the Commissioners' Court to fix their salaries at the sums earned by them for the year 1935. On the verdict of the jury judgment was entered directing and commanding appellants to fix appellees' salaries at the following sums: County clerk, $3,254.-81; county attorney, $3,010.08; district clerk, $3,157.13. From that judgment appellants perfected their appeal to this court by filing an appeal bond; after the appeal was thus perfected, appellants refused to enter the order directed by the judgment of the district court. Thereupon, appellees filed their motion praying that appellants be adjudged in contempt for disobedience of the judgment of the district court. The district judge entered his order on this motion, citing appellants to appear and show cause, naming the time and place, why they should not be adjudged in contempt. Appellants then filed a petition in this court, in the nature of an original proceeding, on our docket No. 4280, praying for a writ of prohibition against the district judge, restraining him from proceed-

ing further with the contempt proceedings. On presentation, we granted a temporary order against the district judge; later, the original proceeding, No. 4280, was consolidated with this appeal. The appealed cause was regularly submitted on the 16th day of December, 1937.

### Opinion.

All issues involved in this appeal are now moot. Speed v. Keys, 109 S.W.2d 967, by the Supreme Court. The order in issue, by its own terms and by force of the statute, expired at the end of the year 1937, and the Commissioners' Court could not, by an order entered in 1938, fix the salaries of its county officers for the year 1937, to be paid in twelve equal monthly installments. Of course, the effect of this conclusion is to render moot the judgment appealed from; appellants cannot be required to enter an order in 1938, fixing salaries for 1937, which on its face would be void. If the Commissioners' Court erred in entering the order in issue, appellees are not without remedy. Rusk County v. Hightower, Tex.Civ.App., 202 S.W. 802.

Appeal dismissed.