## NACOGDOCHES COUNTY v. WINDER.

### No. 3656.

Court of Civil Appeals of Texas. Beaumont.

May 17, 1940.

Rehearing Denied May 29, 1940.

Adams & McAlister, of Nacogdoches, for appellant.

Seale & Thompson, of Nacogdoches, for appellee.

O'QUINN, Justice.

Appellee Winder sued Nacogdoches County to recover a balance of salary claimed to be due him as County Clerk of said county for the years 1937 and 1938, said county being on January 1, 1936, under the salary law applying to such office, and which has at all times since and now is subject to such law.

He alleged that he was the duly elected, qualified and acting County Clerk of Na-cogdoches County during the years 1937 and 1938, and as such, under the salary law, entitled to receive as his salary $3,-350 each of said years, but that without authority of law the commissioners' court of said county had attempted to reduce his salary from $3,350 to $3,000 per year.

The case was tried to the court without a jury, and judgment rendered for appellee in the sum of $572.32. From that judgment appellant brings this appeal.

The following facts are without dispute: Appellee, Winder, was the duly elected, qualified and acting County Clerk of Nacogdoches County during the years 1937 and 1938. Nacogdoches County was under the salary act law, Article 3912e, section 13, Vernon's Ann.Civil Statutes, and Article 3891, R.C.S., Vernon's Ann.Civ.St. art. 3891. Under these statutes, the salary of the County Clerk of Nacogdoches County was governed by the minimum of salary earned in 1935, and a maximum salary of $3,500. The County Clerk of Nacogdoches County in 1935 earned as compensation of his office the sum of $3,-286.16. On January 13, 1936, at a regular session of the commissioners' court, an order was entered by said court fixing appellee's salary at $3,286.16 the amount earned as salary by the county judge of said county in 1935. Later in said month, January 31st, at a called session of said court, his salary was fixed at $3,350 per year. On January 11, 1937, the commissioners' court in regular session fixed his salary at $3,000, for that year, and on January 10, 1938, said court fixed his salary at $3,000 for said year. This was $286.16 less than the minimum salary for 1935, and $350 less than the salary as fixed by the order of January 31, 1936. Appellee prayed judgment for $572.32, the difference between the $3,000 per year for 1937 and 1938, and the minimum of $3,-286.16 as fixed by the order of January 13, 1936, or in the alternative, for judgment for $700 if the order of January 31, 1936, passed at the called session be found proper. The judgment was for $572.32.

We think the order fixing appellee's salary made at the regular term on January 13, 1936, was in accordance with the law, and that the amount then fixed as the annual salary of appellee, $3,286.16, under the facts and the law was proper, and is controlling here. Article 3912e, section 13, Vernon's Ann.Civ.St., fixes the salary of County Clerks in the class of

counties in which Nacogdoches fell, *at not less than the total sum earned by him in his official capacity for the fiscal year 1935 and not more than the maximum amount allowed such officer under laws existing on August 24, 1935.* The legislature having prescribed the minimum amount of salary (the official earnings in 1935) and that being shown to have been $3,286.16, the commissioners' court did not have the authority to ignore this statutory provision of minimum salary and fix the salary at $3,000. The provisions of the statute authorizing the commissioners' court to fix the salary at any sum *not less* than a certain minimum, and *not more* than a certain maximum, are mandatory, and could not be ignored by the members of the court at their discretion. The order fixing appellee's salary at $3,000 was without authority, and so void.

■ We overrule appellant's contention that appellee having accepted the monthly warrants issued to him under the salary of $3,000 fixed by the commissioners' court, he was estopped to demand additional salary for said period. The contention is without merit. Greer v. Hunt County, Tex.Com.App., 249 S.W. 831.

■ Appellant's contention that it was entitled to judgment because appellee's claim did not appear to have been audited and approved by the county auditor before being presented to the commissioners' court for approval, is without force. The record is clear that appellee's claim was presented to the commissioners' court for approval and was by the court refused. Under the facts it was the duty of the court to audit and pass upon the claim. Article 2351, Section 10, R.C.S. Their rejection of the claim authorized appellee to bring this suit to establish his right to judgment. Farmers State Bank v. Bowie County, 127 Tex. 641, 95 S.W.2d 1304; Greer v. Hunt County, Tex.Com.App., 249 S.W. 831; Article 1573, R.C.S.

■ Furthermore, it is not believed that the claim here involved is such as is required by Article 1660, R.C.S. to be presented to the county auditor for his approval before same can be presented to the commissioners' court for its approval and payment. Article 1660 reads: "All claims, bills and accounts against the county must be filed in ample time for the auditor to examine and approve same before the meetings of the commissioners court. No claim, bill or account shall be allowed or paid until it has been examined and approved by the county auditor. The auditor shall examine the same and stamp his approval thereon. If he deems it necessary, all such accounts, bill, or claims must be verified by affidavit touching the correctness of the same. The auditor is hereby authorized to administer oaths for the purposes of this law."

This article must be considered and construed in connection with the succeeding article, 1661, passed as a part of the same act, Acts 1905, p. 381, which reads: "Art. 1661. Requisites of approval.—He shall not audit or approve any such claim unless it has been contracted as provided by law, nor any account for the purchase of supplies or materials for the use of said county or any of its officers, unless, in addition to other requirements of law, there is attached thereto a requisition signed by the officer ordering same and approved by the county judge. Said requisition must be made out and signed and approved in triplicate by the said officers, the triplicate to remain with the officer desiring the purchase, the duplicate to be filed with the county auditor, and the original to be delivered to the party from whom said purchase is to be made before any purchase shall be made. All warrants on the county treasurer, except warrants for jury service, must be countersigned by the county auditor."

A literal application of article 1660 without reference to article 1661 would require the filing with the auditor of claims of every nature, but under article 1661 it is readily seen that the auditor has no authority to audit or approve a claim of the nature here involved. It is evident that the claims which he is authorized to audit and approve under article 1661 are claims based upon contracts lawfully made, and accounts for supplies and material supplied and contracted for as required by law, to which are attached the proper requisitions. There are no provisions in the law which indicate that the county auditor is vested with any authority to pass upon the merits of claims such as here. Appellee's claim being one which under no circumstances could be approved by the county auditor, article 1660 has no application to it. Southern Surety Co. v. McGuire, Tex.Civ.App., 275 S.W. 845, writ refused; Greer v. Hunt County, Tex.Com.App., 249 S.W. 831.

We overrule appellant's assignment that the court erred in not sustaining its plea in abatement. The insistence is that the commissioners' court in January, 1937, and in January, 1938, entered upon its minutes an order fixing appellee's salary for said years at $3,000 per year, from which orders appellee did not appeal, but accepted the monthly warrants issued to him for each month of said years same being for one-twelfth of $3,000; that said orders became final judgments of the court, and so was conclusive of appellee's right to maintain this suit. This contention is not sound. The order fixing appellee's salary at $3000.00, being a sum less than the minimum fixed by law, Article 3912e, Section 13, Vernon's Ann.Civ.St., the order was void, and being so could be attacked in any court having jurisdiction of the matter involved.

Appellant's contention that the court erred in not sustaining its plea of res adjudicata is denied. The record reflects that in 1937 the commissioners' court of Nacogdoches County entered an order on its minutes fixing the salary of the officers of said county for that year, and that it fixed, among others, appellee's salary at $3,000. Thereafter said officers, including appellee, brought suit in the district court of Nacogdoches County for a writ of mandamus against the commissioners' court of Nacogdoches County and the individual members of said court, alleging, in brief, that in setting their salaries the court acted arbitrarily and contrary to law for in that it had set said salaries at a sum less than the minimum allowed said plaintiffs by law, being less than the sums earned by said plaintiffs in said offices for the year 1935, and prayed for a writ of mandamus directing and commanding said commissioners' court and the individual members thereof to fix said plaintiffs' salaries at the sum earned by them for the year 1935. That case was tried to a jury and on its verdict judgment was entered directing and commanding said court and its members to set the salaries of the plaintiffs at the sum earned by them in 1935, to wit: ——— County Clerk, $3,254.18. From that judgment the defendants appealed to this court. When the matter came up for consideration by this court, it was found that all the issues involved had become moot, and the appeal was dismissed. 113 S.W.2d 277. Mandate accordingly issued to the trial court. This judgment was not res adjudicata of the matters here involved. That was not a suit against Nacogdoches County for official salary, but a suit to compel the commissioners' court of said county to set the salaries of the county officers involved at a sum within their power to fix —at a sum between the minimum and maximum amounts allowed by law, which it had not done in its order of January, 1937. Further, the commissioners' court did not obey the mandamus granted by the district court, and no judgment was ever had upon which execution could have issued.

Appellant, by cross-action, sought a judgment over against appellee, on the ground that appellee had failed to file a sworn statement as required by Article 3897, R.C.S., Vernon's Ann.Civ.St. art. 3897. It was· alleged that no statement had been filed by appellee, and the penalty of twenty-five dollars per day for each day elapsing after February 1, 1937, for a period of nineteen months, amounting to $14,250, was invoked and for which judgment was prayed. The record reflects that on February 1, 1937, the door to the office of the county auditor was locked and kept locked by reason of some friction between the commissioners' court and the county auditor. The door was locked at the instance of the commissioners' court. All blanks furnished by the State Auditor upon which appellee was required to make his sworn statement, Article 3897, R.C.S. were locked up in the county auditor's office, and not available to appellee. He repeatedly sought to gain admission to the county auditor's office for the purpose of getting the blanks to make his report but failed. When the matter between the commissioners' court and the county auditor progressed to where the auditor's office was unlocked and available to the public, appellee immediately procured the required blanks and made and filed his statement. Appellant insists that the statement filed by appellee was insufficiently itemized, and, in effect, was no statement. No objection was made to it by any person, commissioners' court, district clerk, or any officer whatever—the first suggestion of its insufficiency was in appellant's cross-action. It being undisputed that appellee exercised reasonable diligence to procure the blanks from their proper custodian upon which he was by law required to make his sworn statement, and the delay in making same being caused by circumstances not under his control and which he could not obviate, and that at the earliest

opportunity he procured the blanks and made out and filed his statement, no intent to violate the law was shown, nor does any official negligence appear sufficient to make appellee guilty of official wrong doing. The trial judge in finding against appellant's cross-action and rendering judgment for appellee on that issue, so found. Again, the statute is highly penal, and so must be strictly construed. In Whitfield v. Terrell Compress Co., 26 Tex.Civ.App. 235, 62 S.W. 116, 118, writ refused, where a statute of similar purpose was construed, it was said: "In actions to recover a penalty, strictness of pleading and proof is required. The act under consideration is highly penal in its character, and it is only for a *willful disregard* of the law that its penalties should be inflicted." (Italics ours.)

The evidence does not raise the issue of willful intent on the part of appellee to disregard the statute, but shows a willingness and effort to strictly comply with same. We think that, under the facts, there was a substantial compliance with the statute, and that the court did not err in refusing appellant judgment on its cross-action.

All assignments presented by appellant have been considered, and none of them showing reversible error; are all overruled. The judgment should be affirmed, and it is so ordered.

Affirmed.