

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. E. Weaver
County Auditor
Nacogdoches County
Nacogdoches, Texas

Dear Sir:

Opinion No. 0-2697
Re: Would the members of a
Commissioners' Court or
their bondsmen be liable
in the payment of a claim
to a county clerk of back
salary under the facts set
forth?

Your recent request for an opinion of this department on the above stated question has been received.

We quote from your letter as follows:

"We would like to have the opinion of your department on the following question:

"'Would members of a commissioners' court be liable to their bondsmen in the payment of a claim to a county clerk of back salary, in conformity with the Officer's Salary Law and based on a decision in case of F. C. Winder (ex-County Clerk) vs Nacogdoches County, favorable to Winder, and upheld by the 9th Civil Court of Appeals, Beaumont, if questioned through legal process by a taxpayer citizen and payment ordered withheld?

"The Officers Salary Law stipulates that salaries of county officers are based on the amount earned by their offices during the fiscal year of 1935. In the case referred to in the question submitted, the earnings of the County Clerk of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Nacogdoches County, proven to the satisfaction of the trial court and upheld by the court of civil appeals, Beaumont, was set at $3,286.16. The law suit of F. C. Winder, above referred to, was occasioned by the Commissioners Court setting the salary of F. C. Winder, duly elected county clerk, at a lower sum, namely, $3,000 per annum. Judgment was given for $572.32, representing unpaid back salary for two years, namely, 1937 and 1938. This case ended in a compromise with ex-county clerk Winder accepting a settlement of $400 dollars.

"With the precedant established with the Winder case, claims will be presented in which the Members of the Commissioners Court, even though having set the salary of the county clerk at the lower salary (of $3,000) than that prescribed by the officers salary law and the figure established in the trial court by means of the Winder Case, will reverse themselves by approving with their signatures in their official capacities the payment of the difference between the set salary and the salary allowed by the law and the figure set by the trial court, as above indicated. With this in mind, with a majority of the commissioners court signing the claim for the back salary herein described, what is the liability of each member of the court so signing to either himself or his bondsmen, if such payment is questioned through legal process by a taxpaying citizen and the payment ordered withheld?

"The situation is exactly this: Three members of the commissioners court, who participated in setting the salary of the county clerk at $3,000 now wish to pay him (the present county clerk) on the basis of $3,286.16 per annum, as per judgement of the courts, herein before mentioned, but in doing so do not want either their bondsmen or themselves to be liable for any sums of money caused by the payment of this back salary."

As we understand the facts presented in your inquiry, the county clerk of Nacogdoches County earned the sum of $3,286.16 in the year 1935. Also, that the officers salary law is applicable to Nacogdoches County, and that in 1937 and 1938, the Commissioners' Court fixed the salary of the county clerk at the sum of $3,000.00 per annum. Article 3912e, Section 13, Vernon's Annotated Civil Statutes, fixes the salary of county clerks in the class of counties in which Nacogdoches County fell, "at not less than the total sum earned by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935." The ex-county clerk sued Nacogdoches County to recover a balance of salary claimed to be due him as county clerk of said county for theyears, 1937 and 1938, and judgment was rendered for the ex-county clerk in the sum of $572.32, and the county appealed from this judgment, and said judgment as rendered by the trial court was affirmed by the Beaumont Court of Civil Appeals, 140 S. W. (2d) 972.

It further appears from the facts stated in your inquiry that the Commissioners' Court has not fixed the salary of the county clerk in complaince with Section 13, Article 3912e, Vernon's Annotated Civil Statutes, but said salary is still $3,000.00 per year, as fixed by the Commissioners' Court, and as the amount of salary for the county clerk for the years 1937 and 1938 has been adjudicated by the courts, it is apparent that your question has reference to the salary of the present county clerk for the year 1939 and the year 1940.

We quote from the case of Nacogdoches County v. Winder, 140 S. W. (2d) 972, as follows:

"We think the order fixing appellee's salary made at the regular term on January 13, 1936, was in accordance with the law, and that the amount then fixed as the annual salary of appellee, $3,286.16, under the facts and the law was proper, and is controlling here. Article 3912e, section 13, Vernon's Ann. Civ. St., fixes the salary of County Clerks in the class of counties in which Nacogdoches fell, at not less than the total sum

earned by him in his official capacity for
the fiscal year 1935 and not more than the
maximum amount allowed such officer under
laws existing on August 24, 1935. The legis-
lature having prescribed the minimum amount
of salary (the official earnings in 1935)
and that being shown to have been $3,286.16,
the commissioners' court did not have the
authority to ignore this statutory provision
of the minimum salary and fix the salary at
$3,000. The provisions of the statute au-
thorizing the commissioners' court to fix
the salary at any sum not less than a certain
minimum, and not more that a certain maximum,
are mandatory, and could not be ignored by
the members of the court at their discretion.
The order fixing appellee's salary at $3,000
was without authority, and so void.

        ". . .

        "We overrule appellant's assignment that
the court erred in not sustaining its plea in
abatement. The insistence is that the commis-
sioners' court in January, 1937, and in January,
1938, entered upon its minutes an order fixing
appellee's salary for said years at $3,000 per
year, from which orders appellee did not appeal,
but accepted the monthly warrants issued to him
for each month of said years same being for one-
twelfth of $3,000; that said orders became final
judgments of the court, and so was conclusive of
appellee's right to maintain this suit. This
contention is not sound. The order fixing ap-
pellee's salary at $3,000.00, being a sum less
than the minimum fixed by law, Article 3912e,
Section 13, Vernon's Ann. Civ. St., the order
was void, and being so could be attacked in any
court having jurisdiction of the matter involved.

        ". . ."

        In the case of Commissioners' Court of Nacogdoches
County v. Winder, et al, 113 S. W. (2d) 277, the court holds
in effect that a judgment directing the Commissioners' Court

to fix salaries of county officers for 1937 at specified sums became moot when a prior order of the Commissioners' Court fixing the salaries at lower amounts expire at the end of 1937, and the Commissioners' Court could not enter an order fixing the salaries for the year 1937 in the year 1938. Also, where the Commissioners' Court entered an order in 1937 fixing the salaries for county officers for the year 1937, to be paid in equal monthly installments, the court could not enter an order in 1938, fixing the salaries for 1937, payable in monthly installments.

Article 2340, Vernon's Annotated Civil Statutes, reads as follows:

> "Before entering upon the duties of their office, the county judge and each commissioner shall take the official oath, and shall also take a written oath that he will not be directly or indirectly interested in any contract with, or claim against, the county in which he resides, except such warrants as may issue to him as fees of office. Each commissioner shall execute a bond to be approved by the county judge in the sum of three thousand dollars, payable to the county treasurer, conditioned for the faithful performance of the duties of his office, that he will pay over to his county all moneys illegally paid to him out of county funds, as voluntary payments or otherwise, and that he will not vote or give his consent to pay out county funds except for lawful purposes."

Generally, there can be no liability on the part of the sureties on an officer's bond without default on the part of the principal in regard to the duties which they have contracted that he shall discharge. To render them liable, the act complained of must be a violation of the conditions of the bond. Their liability is strictissimi juris; it cannot be extended by implication or construction beyond the terms of their contract; and they must be given the benefit of any doubt as to the meaning of the terms of the bond. Texas Jurisprudence, Vol. 34, p. 570;

American Surety Company v. Hidalgo County, 283 S. W. 267;
Brown v. Sneed, 14 S. W. 248.

In view of the foregoing authorities and the facts
stated in your inquiry, it is the opinion of this depart-
ment that $3,286.16 is the minimum salary of the county
clerk of Nacogdoches County, and that the Commissioners'
Court has no authority to fix the salary of said clerk at
any sum below that amount. It is our further opinion that
it is the duty of the Commissioners' Court to pay the
county clerk the difference between the salary received
and the minimum to which he is legally entitled, and that
the members of the Commissioners' Court or their bondsmen
would not be liable for such payment if questioned through
legal proceedings.

Trusting that the foregoing fully answers your
inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS


By (S) Ardell Williams
Ardell Williams
Assistant

AW:GO

APPROVED SEP 10, 1940

(S) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By BWB, Chairman
