C
O
P
Y

THE STATE OF TEXAS

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

Gerald C. Mann
Attorney General

*Superseded by
art 29d
VCS*

Honorable Eugene Brady
Assistant County Attorney
Hunt County
Greenville, Texas

Dear Sir:                          Opinion No. O-2973
                                   Re: Salaries of county officers of
                                       Hunt County, Texas

          Your request for opinion has been received and
carefully considered by this department. We quote from your
request as follows:

          "I respectfully request opinion from you
     as to salaries to be paid County Officers in
     Hunt County, Texas, such facts as are necessary
     are set out below in my request for opinion:

          "Hunt County, Texas, according to the last
     preceding Federal Census has a population of
     48,717. The total taxable valuation for 1940
     is $20,142,000. All County Officers are and
     have been compensated on a salary basis since
     the General Salary Law went into effect in 1936.
     All precinct officers are still compensated on
     a fee basis. During the year 1935 all County
     Officers except County Judge earned fees of
     office in excess of $4,250.00 per year. County
     Judge earned fees of $3,100.00 during that year.
     The earned fees of the County Treasurer during
     the year 1935 were in excess of $2,000. The
     population of Hunt County according to the 1930
     Census was 49,016.

          ". . .

          "Under the above law and state of facts
     quoted it is my opinion that it would be the
     duty of the Commissioners Court to set salaries
     of Sheriff, Tax Assessor and Collector, County
     Clerk, District Clerk, County Attorney at an

annual salary of not less than $4,250.00 per
year and not more than $4,292.50 per year. That
it would be the duty of said court to set the
County Judge's Salary at a salary of not less
than $3,000.00 per year and not more than $4,292.50
per year.

"Article 3887a provides: 'In all counties
in the State of Texas having a population of
more than 48,540 and less than 48,800 according
to the last preceding or any future Federal Cen-
sus where the Commissioners Court shall have
determined or shall determine to compensate the
County Attorney of such county upon an annual
salary basis according to law, such Court shall
fix the salary of such County Attorney at not to
exceed $2,400.00 per annum.' This article was
passed in 1937, Forty Fifth Legislature, Second
Called Session. It is my information that this
Article never became a law for the reason that
it was passed at a special session of the Legis-
lature and was not within the Governor's call for
that special session, but notwithstanding that I
am of the opinion that said article would never-
the_less be inoperative for reasons set out and
discussed below.

"Article 3883d provides: Section 1: 'That
from and after January 1, 1940, being the effec-
tive date of this Act, in all counties in this
State having a population of not less than 48,530
and not more than 48,930 according to the last
preceding Federal Census, the Commissioners Court
shall have the power and authority to fix the sal-
aries of the Sheriff, the tax assessor-collector,
the county clerk, the county judge, the district
clerk, and the county attorney; provided, however,
that the salary of the sheriff shall not be fixed
in excess of the sum of $4,250 per annum, nor less
than the sum of $3,600 per annum; the salary of
the tax assessor-collector shall not be fixed in
excess of the sum of $4,000 per annum, nor less
than the sum of $3,600; the salary of the County
clerk shall not be fixed in excess of the sum of
$4,000 per annum, nor less than the sum of $3,300

per annum; the salary of the county judge shall not be fixed in excess of the sum of $3,200 per annum nor less than the sum of $2,700 per annum; the salary of the district clerk shall not be fixed in excess of the sum of $3,300 per annum, nor less than the sum of $2,700 per annum; the salary of the county attorney shall not be fixed in excess of the sum of $3,000 per annum nor less than the sum of $2,700 per annum.'

"It is my opinion that both of the last two quoted articles are unconstitutional in that they are in fact special laws even though they purported to be General Laws, as examination of the census figures for 1930 show that at the time they were passed they applied to only one county, Bowie County, and there exists no reasonable basis in fact for such a classification as set out by you in your opinion No. 0-1020 and 0-899.

"I also believe that they should be held unconstitutional under following cases:

"Bexar vs. Tynan, et al, Com. App. 98 SW (2d) 467.

"Wood vs. Marfa Independent School District, 123 SW (2d) 429.

"Brownfield vs. Tongate, 109 SW (2d) 352.

and many other cases referred to in these opinions.

"For these reasons I believe that Articles 3883d and 3887a referred to above are unconstitutional and that it would be necessary to go back to the General Laws as set out above for the determination of salaries to be paid County Officers in this county.

"Article 1645 provides for the appointment of County Auditor, 'who shall be compensated for his services $125 for each million dollars or major portion thereof on the assessed valuation. The annual salary to be computed from the last approved tax roll.' As set out above the last approved tax

roll of this county is $20,142,000. Therefore under this law the County auditor would be entitled to compensation in the amount of $2,500 per year.

"Article 1645d, Section 1 provides 'In all counties in this state having a population of not less than 45,000 inhabitants nor more than 50,000 inhabitants according to the last Federal Census as same now exists or may hereafter exist the County Auditor shall receive an annual salary from county funds of $4,000 to be paid in equal monthly installments out of the General Revenues of the county.' This act was passed by the Forty-Fifth Legislature in 1937.

"Article 1645e, Section 1 provides: 'That in counties having a population of not less than 48,600 nor more than 49,000 according to the last preceding Federal Census the compensation of each County Auditor shall be $3,600.' This act became effective October 25, 1937.

"For the reasons set out above it is my opinion that both of the last two quoted articles are in fact special laws and are therefore unconstitutional and that it would be necessary to rely on Article 1645 as set out above in setting the salary of the County Auditor of this county.

"Article 3943 which was effective on August 24, 1935, provides: 'That the Commissions allowed to the County Treasurer shall not exceed $2,000 annually. This article taken in connection with Article 3912e quoted above sets the limit within which the Commissioners Court may set the Treasurer's Salary. If his fees in 1935 were in excess of $2,000 it is my opinion that it would be the duty of the Commissioners Court under such law to set the salary of the County Treasurer at $2,000 per year.

"I shall appreciate an opinion from your office as to the amount of compensation that should be allowed the County Officers listed above in Hunt

County. I will appreciate having this opinion before the first of January as there are so many special laws into which this county has dropped since the last Federal Census that the Commissioners Court is at a loss to settle the salaries that should be paid and desires to settle this matter before the first of January.

"Please send me copies of your Opinions No. 0-1020 and 0-899."

Article 3912e, Section 13, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety Thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, to-wit: sheriff, assessor and collector of taxes, county judge, county attorney, including criminal district attorneys and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935; . . . and provided that in counties having a population of thirty-seven thousand five hundred (37,500) and less than sixty thousand (60,000) according to the last preceding Federal Census, and having an assessed valuation in excess of Twenty Million ($20,000,000.00) Dollars, according to the last preceding approved tax roll of such county, the maximum amount allowed such officers as salaries, may be increased one (1%) per cent for each One Million ($1,000,000.00) Dollars valuation or fractional part thereof, in excess of said Twenty Million ($20,000,000.00) Dollars valuation over and above the maximum amount

allowed such officer under laws existing on August 24, 1935."

Article 3883, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"Except as otherwise provided in this Act, the annual fees that may be retained by precinct, county and district officers mentioned in this Article shall be as follows:

". . .

"3. In counties containing as many as thirty-seven thousand five hundred and one (37,501) and not more than sixty thousand (60,-000) inhabitants, or containing a city or town of over twenty-five thousand (25,000) inhabitants: County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Thirty-five Hundred ($3500.00) Dollars each; Justice of the Peace and Constable, Eighteen Hundred ($1800.00) Dollars each. (As amended Acts 1930, 41st Leg., 4th C.S., p. 30, ch. 20; Acts 1931, 42nd Leg., p. 822, ch. 340; Acts 1933, 43rd Leg., p. 734, ch. 220, | 1.)"

Article 3891, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

". . .

"In counties containing as many as thirty-seven thousand, five hundred and one (37,501) and not more than sixty thousand (60,000), or containing a city of over twenty-five thousand (25,000) inhabitants, district and county officers named herein shall retain one-third of such excess fees until such one-third, together with the amount specified in Article 3883, amounts to Forty-two Hundred and Fifty Dollars ($4250). . .

"(As amended Acts 1930, 41st Leg., 4th C. S., p. 30, ch. 20; Acts 1931, 42nd Leg., p. 870, ch. 368; Acts 1933, 43rd Leg., p. 734, ch. 220, | 2; Acts 1935, 44th Leg., p. 752, ch. 327, | 1.)"

The last two above quoted provisions of law were in full force and effect on August 24th, 1935.

We quote from the case of Nacogdoches County vs. Winder (Beaumont Court of Civil Appeals) 140 SW (2d) 972, (writ refused), as follows:

"The following facts are without dispute: Appellee, Winder, was the duly elected, qualified and acting County Clerk of Nacogdoches County during the years 1937 and 1938. Nacogdoches County was under the salary act law, Article 3912e, section 13, Vernon's Ann. Civil Statutes, and Article 3891, R.C.S., Vernon's Ann. Civ. St. art. 3891. Under these statutes, the salary of the County Clerk of Nacogdoches County was governed by the minimum of salary earned in 1935, and a maximum salary of $3,500. The County Clerk of Nacogdoches County in 1935 earned as compensation of his office the sum of $3,286.16. On January 13, 1936, at a regular session of the Commissioners' court, an order was entered by said court fixing appellee's salary at $3,286.16 the amount earned as salary by the county judge of said county in 1935. Later in said month, January 31st, at a called session of said court, his salary was fixed at $3,350 per year. On January 11, 1937, the commissioners' court in regular session fixed his salary at $3,000, for that year, and on January 10, 1938, said court fixed his salary

at $3,000 for said year. This was $286.16 less
than the minimum salary for 1935, and $350 less
than the salary as fixed by the order of January
31, 1936. Appellee prayed judgment for $572.32,
the difference between the $3,000 per year for
1937 and 1938, and the minimum of $3,286.16 as
fixed by the order of January 13, 1936, or in
the alternative for judgment for $700 if the
order of January 31, 1936, passed at the called
session be found proper. The judgment was for
$572.32.

"We think the order fixing appellee's salary
made at the regular term of January 13, 1936,
was in accordance with the law, and that the
amount then fixed as the annual salary of appellee,
$3,286.16, under the facts and the law was proper,
and is controlling here. Article 3912e, section
13, Vernon's Ann. Civ. St. fixes the salary of
County Clerks in the class of counties in which
Nacogdoches fell, at not less than the total sum
earned by him in his official capacity for the
fiscal year 1935 and not more than the maximum
amount allowed such officer under laws existing
on August 24, 1935. The legislature having pre-
scribed the minimum amount of salary (the offi-
cial earnings in 1935) and that being shown to
have been $3,286.16, the commissioners' court did
not have the authority to ignore this statutory
provision of minimum salary and fix the salary at
$3,000. The provisions of the statute authorizing
the commissioners' court to fix the salary at any
sum not less than a certain minimum, and not more
than a certain maximum, are mandatory, and could not
be ignored by the members of the court at their
discretion. The order fixing appellee's salary
at $3,000 was without authority, and so void."

Opinion No. O-2582 of this department dealt with a
situation relative to the salaries of the officers of Travis
County, Texas, where the population of that county had increas-
ed from 77,777 inhabitants in 1930 to 110,686 inhabitants ac-
cording to the 1940 census. This opinion holds that the change
in the population of Travis County, as shown by the Federal
Census of 1940, has no effect whatever upon the salaries of
the district and county officers named in Article 3912e, Sec-
tion 13, V.A.C.S. and that the maximum salary to be allowed

such officer was the maximum allowed the officer by laws exist-
ing August 24, 1935, to-wit, $4,750.00. We enclose herewith a
copy of said opinion.

Opinion No. O-2560 of this department holds that
the commissioners' court of Limestone County, Texas, should fix
the salaries of the officials of said county named in Article
3912e, Sec. 13, V.A.C.S., for the year 1941; that the minimum
salary of each such officer cannot be less than the total sum
earned as compensation by him in his official capacity for the
fiscal year 1935 and that the maximum salary of each above men-
tioned officers could be the maximum amount allowed him under
laws existing August 24, 1935, plus one per cent for each one
million dollars valuation or fractional part thereof in excess
of fifteen million dollars. This opinion dealt with a situation
where there was a decrease in population. We enclose herewith
a copy of said opinion.

We agree with you that Article 3887a, Vernon's Anno-
tated Texas Civil Statutes, is a local or special law attempting
to regulate the affairs of a county and therefore unconstitution-
al. The population brackets provided by said act applied to only
one county in the State of Texas according to the Federal Census
of 1930, that county then being Bowie County, Texas, and now
applies to only one county in the State of Texas, according to
the 1940 Federal Census, that county being Hunt County, Texas.
As a basis for our holding we refer you to the authorities cited
in Opinions Nos. O-899 and 1020 of this department, which are
enclosed herewith.

We agree with you that the section of Article 3883d,
Vernon's Annotated Texas Civil Statutes, cited by you in your
letter, is a local or special law attempting to regulate the
affairs of a county and therefore unconstitutional. The popu-
lation brackets provided by said section of the act applied to
only one county in the State of Texas according to the 1930
Federal Census, that county then being Bowie County, Texas, and
now applies to only one county in the State of Texas according
to the 1940 Federal Census, that county being Hunt County, Texas.
As a basis for our holding we refer you to Opinion No. O-1020
of this department which specifically passed on the above sec-
tion of the statute, and held same to be unconstitutional.

We agree with you that the section of Article 1645e-1, cited by you in your letter, is a local or special law attempting to regulate the affairs of a county and therefore unconstitutional. The population brackets provided by said section of the act applied to only one county in the State of Texas according to the 1930 Federal Census, that county then being Harrison County, Texas, and now applies to only one county in the State of Texas according to the 1940 Federal Census, that county being Hunt County, Texas. As a basis for our holding we refer you to the authorities cited by Opinion Nos. 0-899 and 1020 of this department.

We agree with you that Article 1645d-1, Vernon's Annotated Civil Statutes of Texas, is a local or special law and therefore unconstitutional. The population brackets provided by said Article applied to Bowie, Collin, Harrison, Hunt, Lamar and Potter Counties, Texas, according to the 1930 Federal Census, and now applies to Collin, Ellis, Hunt and Webb Counties, Texas, according to the 1940 Federal Census. We think the case of Bexar County vs. Tynan, et al, 97 SW (2d) 567, is authority for this holding. May we point out that the population bracket used in said act affords no fair basis for the classification based upon a real distinction between counties in that bracket and counties with populations above or below the brackets. The courts take judicial notice of the fact that the greater the population of a county the more onerous are the duties of the officers. The maximum salary prescribed by the act is greater than that prescribed by the general laws for counties with a greater population, and the act discriminates against those counties and the officers therein. We enclose herewith a copy of Opinion No. 0-735 which discusses the case of Bexar County vs. Tynan, et al, supra.

Article 3941, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The county treasurer shall receive commissions on the moneys received and paid out by him, said commissions to be fixed by order of the commissioners court as follows: For receiving all moneys, other than school funds, for the county, not exceeding two and one-half per cent, and not exceeding two and one-half per cent for paying out the same; provided, that he shall receive no commissions for receiving money from his predecessor nor for paying over money to his successor in office."

Article 3942, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The treasurers of the several counties shall be treasurers of the available public free school fund and also of the permanent county school fund for their respective counties. The treasurers of the several counties shall be allowed for receiving and disbursing the school funds one-half of one per cent for receiving, and one-half of one per cent for disbursing, said commissions to be paid out of the available school fund of the county; provided, no commissions shall be paid for receiving the balance transmitted to him by his predecessor, or for turning over the balance in his hands to his successor: and provided, that he shall receive no commissions on money transferred."

Article 3943, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"The commissions allowed to any County Treasurer shall not exceed Two Thousand Dollars ($2,000) annually. * *"

You are respectfully advised that under the facts stated it is the opinion of this department:

1. It is the duty of the commissioners' court of Hunt County, Texas, to set the salaries of the Sheriff, Tax Assessor and Collector, County Clerk, District Clerk and County Attorney at an annual salary of not less than $4,250.00 and not more than $4,292.50.

2. It is the duty of the commissioners' court of Hunt County, Texas, to set the annual salary of the County Judge of Hunt County, Texas, at not less than $3,100.00 and not more than $4,292.50 per annum.

3. The County Auditor's salary should be set at $2,500.00 per annum as provided by Article 1645, Vernon's Annotated Texas Civil Statutes.

4. In your letter you state that the treasurer earned more than $2,000.00 for the year 1935. However, you have since

informed us that the commissioners' court by a valid order limited the commissions of the county treasurer to a sum not to exceed $600.00 for the fiscal year 1935; that there were no drainage districts in Hunt County in 1935 and are none there now, and that the county treasurer of Hunt County did not collect or receive any drainage district commission in the fiscal year 1935. You also state that the sum of $600.00 was the salary actually earned and received by the treasurer for the fiscal year 1935. In view of this additional information you are respectfully advised that it is the opinion of this department that it is the duty of the commissioners' court of Hunt County, Texas, to set the annual salary of the county treasurer at not less than $600.00 and not more than $2020.00 per annum.

We wish to express our appreciation for the splendid brief submitted by you which has aided us in the preparation of this opinion.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AW

ENCLOSURES

APPROVED DEC. 20, 1940

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
By BWB Chairman