ELIZABETH BOLEN MORRISON V. CITY OF FORT WORTH.

No. 7876. Decided November 5, 1941.
Rehearing overruled December 3, 1941.
(155 S. W., 2d Series, 908.)

*Fay W. Prescott,* of Fort Worth, for plaintiff in error.

When the salary or compensation of an officer or employee of a municipal corporation is fixed by law, a contract entered into between the corporation and its employee whereby the employee agrees to accept a lesser sum than that provided by law for the service rendered by him to the corporation, is void and of no effect because it is contrary to the public policy of the State. Crutcher v. Johnson County, 79 S. W. (2d) 932; Dry v. Davidson, 115 S. W. (2d) 689; State v. Steele, 57 Texas 200.

*R. E. Rouer, Geo. C. Kemble, R. B. Young, Jr.,* and *Frank Crumley,* all of Fort Worth, for defendant in error.

Where the city has the absolute power and authority to create and abolish the office of a fireman and to hire and discharge the holders of such office, and a law is passed fixing the minimum wage of such office holder, and before it becomes effective there arises a bona fide dispute between the city and the fireman as to the validity of such law and the liability of the city thereunder, and an agreement is entered into whereby the firemen agree to accept a lesser amount than that fixed by the law, such contract is valid. Franklin Fire Ins. Co. v. Villeneuve, 60 S. W. 1014; Steel v. City of Chattanooga, 84 S. W. (2d) 590; Lehman v. City of Toledo, 192 N. E. 537.

MR. JUSTICE CRITZ delivered the opinion of the Court.

In 1937 the Legislature of this State passed an Act fixing minimum wage scales and working hours for firemen and policemen in certain cities in this State. As pertinent to this case, such Act provides a minimum wage scale of $150.00 per month for firemen in cities of more than 75,000 inhabitants. Such Act provides certain working hours for firemen in such cities, and pay at the rate of "time and one-half" for overtime work. Finally, such Act makes it a criminal offense for any city official in charge of the fire department of a city covered by the Act to violate its terms. Article 1583, Vernon's Penal Code 1939; Acts 1937, 45th Leg., p. 358, chap. 173. The above Act became effective April 19, 1937, and the City of Fort Worth came under its provisions as soon as it became effective.

Prior to April 19, 1937, the effective date of the above Act, and for several months thereafter, the governing body and legal department of the City was in doubt as to its validity. It also seems that the officers of the other cities in this State coming under the Act entertained the same doubt as did the officers of Fort Worth. Also, as shown by the opinion of the Court of Civil Appeals, when the above Act became effective the City had made no provision for funds with which to meet the increase in the payroll of its fire department occasioned by the above Act, and it became evident that it might be compelled to reduce the number of men employed therein. This fact was well known to the members of the City fire department. With conditions as above detailed, the City and the several members of the fire department, on April 19, 1937,

the date the Act became effective, entered into the following purported written contract:

"It appearing that no provision has been made by the Legislature of Texas or in the Budget of the City of Fort Worth for funds to pay members of the Fire Department any compensation in addition to what they are now receiving, that in order for the City of Fort Worth to comply with the provisions of Senate Bill 89, passed and adopted at the Regular Session of the Forty-fifth Legislature, it would be necessary to make a very substantial reduction in the force now employed in that department, Now, Therefore,

"Be it known by us and each of us as members of the Fire Department of the City of Fort Worth, in consideration of the premises, the maintenance of the present working hours and conditions and the present number of employees in said department, do hereby agree to waive, relinquish and release and discharge the City of Fort Worth from the payment of any additional compensation or other rights and privileges that may arise under the provisions of Senate Bill 89, passed at the Regular Session of the Forty-fifth Legislature up to and including the time the said Act is finally determined by proper judicial proceedings to be a valid law, should it so be found to be valid; provided, however, that nothing herein shall be construed as a waiver of any right that we may have to petition the City Council for an increase in salary for the fiscal year beginning October 1st, 1937, or at the time the said law is found to be valid, if it is a valid law."

Floyd R. Bolen, a member of the City's fire department at the time the above Act became effective, signed the above contract. At the time he did so he was being paid a salary of $125.00 per month. He drew such salary during the time here involved. Bolen died in 1939, and his surviving widow, since remarried, brought this suit, asking for the difference between the salary paid to Bolen after the effective date of the above Act and the minimum salary provided by the above Act. Also, the plaintiff's petition seeks recovery for overtime alleged to have been performed by Floyd R. Bolen after the above Act became effective, at the rate of "time and one-half."

This case was finally tried in the district court, where it was submitted to a jury on special issues. These issues are stated in the opinion of the Court of Civil Appeals, and will

not be repeated here. Based on the verdict of the jury, the trial court rendered judgment for the plaintiff, and against the City, for $538.33.

Both parties appealed from the judgment of the district court; the plaintiff contending that the judgment was too small, and the City contending that no judgment whatever should have been rendered against it. On final hearing in the Court of Civil Appeals the judgment of the district court was reversed, and judgment rendered for the City. 151 S. W. (2d) 300. The cause is in this Court on writ of error granted on application of Bolen's surviving widow.

If we properly interpret the opinion of the Court of Civil Appeals, it predicates its judgment in this cause on a ruling that Floyd R. Bolen was in some way bound by the above-quoted contract together with its surrounding circumstances. Of course, if Bolen was so bound, those claiming under him are likewise bound. Conversely, if the above contract did not bind Floyd R. Bolen, it cannot bind those claiming under him.

■ It is our opinion that the contract between the City and its firemen, above set out, is, and since its inception has been, illegal and utterly void, because made in violation of a valid criminal statute of this State. We think, further, that it is the settled law of this State that our courts will neither aid in the enforcement of an illegal executory contract, nor relieve from an illegal contract, a party who has executed it. Donley v. Tindall, 32 Texas 43, 5 Amer. St. Rpts. 234; Grant v. Ryan, 37 Texas 37; Seeligson v. Lewis & Williams, 65 Texas 215, 57 Amer. St. Rpts. 593; Davis v. Sittig, 65 Texas 497; Queen Ins. Co. v. State, 86 Texas 250, 24 S. W. 397, 22 L. R. A. 483; Beer v. Landman, 88 Texas 450, 31 S. W. 805; Hall v. Edwards (Com. App.), 222 S. W. 167; Stone v. Robinson (Com. App.), 234 S. W. 1094; Campbell v. Hood (Com. App.), 35 S. W. (2d) 93, 85 A. L. R. 266; Gourley v. Tyler, 4 Willson's Civ. Cases 325, sec. 215, 15 S. W. 731. These authorities could be multiplied several times, but we think they are sufficient to establish the correctness of the rule we have announced.

■ In the case at bar the plaintiff sues for that which a valid law of the State compelled the City to pay her deceased husband. She seeks recovery, not under the contract, but under a mandatory State statute. In order to establish her cause of action the plaintiff requires no aid from the illegal contract.

Under such a record, the illegal contract constitutes no bar to the plaintiff's cause of action. This is because of the settled rule in this State that, even though a demand is in some way connected with an illegal transaction, still recovery may be had if the plaintiff requires no aid from the illegal transaction to establish his case. Oliphant v. Markham, 79 Texas 543, 15 S. W. 569, 23 Amer. St. Repts. 363; Beer v. Landman, 88 Texas 450, 31 S. W. 805; Hall v. Edwards (Com. App.), 222 S. W. 167.

■ The Court of Civil Appeals cites the following authorities in support of its ruling that the contract here involved, under the circumstances surrounding it, bars a recovery in this case: Steele v. City of Chattanooga, 19 Tenn. App. 192, 84 S. W. (2d) 590; Barfield v. City of Atlanta, 53 Geo. App. 861, 187 S. E. 407; Lehman v. City of Toledo, 48 Ohio App. 121, 192 N. E. 538; McCarthy v. McGoldrick, 266 N. Y. 199, 194 N. E. 406. No good purpose would be served by a discussion of all of these authorities here. It is sufficient to say that we have examined all of them, and in our opinion none of them will support the ruling of the Court of Civil Appeals in this case,— except perhaps Steele v. City of Chattanooga, by the Court of Appeals of Tennessee. An examination of that opinion will disclose that it states, in effect, that the authorities are not in accord on the question as to whether or not a public officer can estop himself by accepting a less salary than the salary to which he is entitled by law. Regardless of the question of confusion of authorities, we think it is the law in this State that a public officer cannot estop himself from claiming his statutory salary by agreeing to accept, or by accepting, less than the salary provided by law. Crutcher v. Johnson County, 79 S. W. (2d) 932; Nacogdoches County v. Winder, 140 S. W. (2d) 972.

An examination of the briefs in this case discloses that they present a number of questions not decided by the Court of Civil Appeals. The Court of Civil Appeals did not decide such questions because they became immaterial under the view it took of the case.

It is ordered that the judgment of the Court of Civil Appeals be reversed, and this cause is remanded to that court for further proceedings not inconsistent with this opinion.

Opinion delivered November 5, 1941.

Rehearing overruled December 3, 1941.