**CITY OF DALLAS et al. v. McGUIRE.**

No. 13076.

Court of Civil Appeals of Texas. Dallas.

Jan. 23, 1942.

Rehearing Denied March 6, 1942.

See, also, 151 S.W.2d 617.

H. P. Kucera, City Atty., and A. J. Thuss and Charles E. Long, Jr., Asst. City Attys., all of Dallas, for appellant.

L. L. McGuire, of Dallas, pro se.

YOUNG, Justice.

Our opinion of date October 17, 1941, is hereby withdrawn and on rehearing, the following is substituted in lieu thereof:

Appellee's suit was for balance due in minimum wages and overtime hours as a city fireman, under terms of Art. 1583, P.C., as amended in 1937, Vernon's Ann. P.C. art. 1583. The period covered was from the effective date of the Act until July 16, 1939, when his services terminated. Plaintiff's judgment against the City was for $356.71 on both counts, the case having been taken from the jury at close of testimony; the court making aforesaid rendition on what it conceived to be controlling and undisputed facts.

From this judgment, the City has appealed and appellee has filed cross assignments to the effect that, under the evidence, his recovery should be in a larger amount.

The minimum wage and overtime benefits of the law (Secs. 6, 7, Art. 1583, P.

C.) are restricted to members of fire and police departments in cities of more than 75,000 population; and appellant, in propositions 6 to 9, inclusive, contends that appellee is not entitled to claim the additional compensation prescribed by above statute, absent proof that he was a fireman de jure during the 27 months in suit; or, concretely stated, that the trial court erred in allowing appellee the additional statutory salary and overtime, because of no evidence whatever showing (1) that the City of Dallas had passed an ordinance or resolution in compliance with Section 72 of the charter, creating the fire department and providing for the particular office, grade or position claimed to be held by appellee; and (2) that such service in the department had been further classified by ordinance as provided by Section 74 thereof. On the other hand, it is argued by appellee that he was simply an employe of the City; hence not required to prove the creation of an office by ordinance, or a legal induction thereto. The single question for our determination, therefore, is readily discernible from above opposite interpretations of the Dallas charter just stated, i. e.: Whether, under the terms of this instrument, a member of its fire department is an officer holding a public office, or is he merely an employe, rendering a contract service to the municipality?

In this connection, Section 72 of said charter provides, in part: "The City shall maintain a fire force consisting of the Fire Chief and such other officers, firemen and employes as may be provided by ordinance or resolution of the Council. * * * The members of the fire force, other than the Fire Chief and his assistant or assistants, shall be appointed from the list of eligibles prepared by a Civil Service Commission * * *." Sections 74 and 80 provide: "Sec. 74. Rules for Fire Department.—The Chief of the Fire Department or the City Manager, shall classify the fire service of the city in conformity with the *ordinance* of the Council *concerning the number of persons to be employed therein,* and shall make rules for the regulation and discipline of such service." (Italics ours). "Sec. 80. Firemen to Exercise Police Powers in Attending and Returning from Fires.—The Chief of the Fire Department and his assistants are authorized to exercise the powers of police officers while going to, attending, or returning from any fire or alarm of fire. The Fire Chief and each of his assistants, and each and every member of the Fire Department, shall have issued to him a warrant of appointment signed by the City Manager, in which the date of his appointment shall be stated, and such warrant shall be his commission. The Chief of the Fire Department shall prescribe the uniform and badges for the members of the Fire Department."

Except for appellee's testimony that, some months after entering the service, he received a card from the City Manager, notifying him of his appointment, this record is wholly devoid of any pleading or evidence showing a compliance with the foregoing provisions of the charter. While Section 72 provides generally that the Dallas Fire Department may be established "by ordinance or resolution," it is apparent that Section 74 is a limitation thereon, authorizing the City Council to proceed by ordinance only in designating the number of persons to be employed in its fire force, and concerning their classification. Section 80 further specifically requires that a fireman shall be issued a warrant of appointment, which shall be his commission. The word "appoint," it would seem, signifies the existence of an office; the "warrant of appointment" thereby becoming the official commission which appertains to the office of fireman.

It appears in fact that appellee was chosen from a list of eligibles, following Civil Service examination as required by the charter.

Who are officers and who are employes of a municipality are usually determinable by charter terms; and we are convinced that above provisions of appellants' charter plainly contemplate the creation by ordinance of a definite number of positions or places; the sum total of persons appointed thereto constituting its fire force, and thus, appointive officials of the City of Dallas. Appellee is here claiming additional emoluments of an office or position that has never been created by ordinance, and into which he has never been legally inducted. The City's contention, therefore, that plaintiff has not shown himself to be a fireman de jure, as a basis for the instant cause of action, must be sustained.

In McGuire v. City of Dallas, Tex.Civ. App., 151 S.W.2d 617, dismissed correct judgment, the same parties were involved;

also the same issue in principle. There, McGuire sought reinstatement in the Dallas Fire Department. The Waco Court affirmed a judgment against plaintiff, holding above Sections of the Dallas charter not to be self-executing; and that, before he or any member of the fire department could have been legally employed by the City of Dallas, it was necessary that its legislative body take affirmative action by the enactment of a proper ordinance. In City of Dallas v. McDonald, 130 Tex. 299, 103 S.W.2d 725, provisions of the local charter, less definite in terms relative to establishment of its police department, were construed. It was there held that petitioners who were seeking to recover their offices or positions as policemen, and salaries for wrongful discharge, must first allege and prove enactment of an ordinance creating the claimed offices or places. There being neither pleading nor proof in the McDonald case showing compliance with the particular charter provisions, Judge German denied the right of reinstatement; and, as a necessary coincident, held that since no office was shown to exist, there could be no recovery of salary. In Holcombe v. Grota, 129 Tex. 100, 102 S.W. 2d 1041, 110 A.L.R. 234, the Supreme Court construed similar sections of the Houston charter, and held that suit for emoluments of the position (warrant officer) was not maintainable, absent pleadings and proof of creation of the place by ordinance, a lawful induction thereto and an unlawful ouster. In City of San Antonio v. Coultress, Tex.Civ.App., 169 S.W. 917, 919, writ refused, the then San Antonio charter provided: "The city council * * * shall have power, by ordinance: * * * To establish a police force and regulate the same." It was held that such terms required the creation of a definite number of patrolmen by ordinance; and that claimant (Coultress), not making proof of this, was precluded from a recovery of salary. The following language of the San Antonio Court in the Coultress case is quite pertinent to appellant's charter requirements under which plaintiff claims rights as a member of the Dallas Fire Department: "The position of policeman or patrolman was unknown to the common law. It is a creation of municipal governments, by ordinance, derived from authority granted in charters of cities, or by statutory authority for the government of municipalities operating under the general law."

In Barnes v. City of Waco, Tex.Civ. App., 262 S.W. 1081, writ refused, the Court said: "The maintenance of a fire department is in the nature of a general public duty as contradistinguished from those duties purely municipal and local, and the employees thereof are not mere agents or servants of the municipality, but rather officers charged with a public service." Also see Shanewerk v. City of Fort Worth, 11 Tex.Civ.App. 271, 32 S. W. 918; Schmitt, City Auditor, v. Dooling, 145 Ky. 240, 140 S.W. 197, 36 L.R.A., N.S., 881, Ann.Cas.1913B, 1078; City of Ft. Smith v. Quinn, 174 Ark. 863, 296 S.W. 722, 53 A.L.R. 921. And clearly in point, we think, is the recent case of Morrison v. City of Fort Worth, Tex. Sup., 155 S.W.2d 908, 910, where the widow of a fireman sought to recover minimum wages under Art. 1583, P.C., the defense being a pre-existing agreement by the deceased husband to waive the statute. Judge Critz there held: "Regardless of the question of confusion of authorities, we think it is the law in this State that a *public officer* cannot estop himself from claiming his statutory salary by agreeing to accept, or by accepting, less than the salary provided by law. Crutcher v. Johnson County, Tex.Civ.App., 79 S.W.2d 932; Nacogdoches County v. Winder, Tex.Civ.App., 140 S.W.2d 972." (Italics ours).

Appellee strongly relies on City of Galveston v. O'Mara, Tex.Civ.App., 146 S.W.2d 416, affirmed by Supreme Court, City of Galveston v. Heffernan, 155 S.W. 2d 912, in support of the contention that he is a mere employe. The decision in the O'Mara case turned on definite provisions of the Galveston charter where all appointive officers were expressly enumerated, and firemen were not included in the particular list.

That the Dallas charter, fairly interpreted, requires the establishment of a definitely numbered fire force by ordinance, thereby constituting its members appointive officers, performing a distinct governmental service, is quite in harmony with the public policy of this State; Art. 1069, R.S. In Art. 1583, P.C., supra, members of police and fire departments are treated alike when fixing a minimum wage and hours of service; and equally

so, relative to a pension system; Arts. 6243a, 6243b, Vernon's Ann.Civ.St.

Under the testimony, appellee was on the regular fire department payroll as a private during the years 1933 to 1939, and his name was included in the annual budgets of departmental expense, duly approved through appropriation ordinances. He was paid the regular monthly salary of $145 fixed by the City Council during all material dates; and, as already mentioned, had received notice from the City Manager of his appointment, following Civil Service examination and entry of his name on the eligible register, in accordance with aforesaid charter. Even so, this proof is not sufficient to satisfy the burden imposed upon one who seeks to recover the emoluments of an office, that he first show a lawful creation of the office, and his right thereto; Holcombe v. Grota, supra. Upon similar facts, it was further held in the Coultress case: "The contention is made, as we understand it, that even if the office of patrolman had not been expressly created by ordinance, the pay rolls carried appellee's name, and that an appropriation was regularly made by the council for the payment of his salary, and that by reason of that fact and the further fact that the council had approved his appointment, it would be construed as an appointment to the office. But the charter of the city was granted for the public good, and the powers of the council are defined in and circumscribed by that document. The city can only act as it is permitted to act in that legislative grant. That instrument says that the council shall act by ordinance in matters of this kind, and this it has not done. The doctrine of estoppel and ratification cannot aid that which never had a legal existence."

On the other hand, even assuming appellee occupied the status of a de facto fireman during his period of service, such would not entitle him to claim the statutory salary of a fireman de jure. Before emoluments of an office can be recovered, claimant must prove a legal existence of the position and that he is an incumbent de jure. City of San Antonio v. Coultress, supra; 46 C.J. § 377, p. 1059; Cooke v. Roberts, 335 Pa. 561, 7 A.2d 357.

Applying the foregoing rules and principles to the pleadings and proof of appellee, it is apparent that they are insufficient basis for recovery of salary to an office which, in so far as this record is concerned, was non-existent. In view of the conclusions thus reached, we omit a discussion of further propositions; and likewise, appellee's cross assignments become immaterial.

Appellant's motion for rehearing is sustained, and our former rendition set aside. The judgment appealed from is accordingly reversed and here rendered, that appellee, L. L. McGuire, take nothing, and it is so ordered.

Reversed and rendered.