### FANNIN COUNTY v. DOBBS.
### No. 6280.

Court of Civil Appeals of Texas. Texarkana.

May 1, 1947.

Couch & Couch, T. G. Finley, and A. L. McRae, all of Bonham, for appellant.

Cunningham, Lipscomb & Cole, of Bonham, for appellee.

HALL, Chief Justice.

Appellee, J. L. Dobbs, was appointed County Clerk of Fannin County, Texas, on the first day of June, 1944, to fill out the unexpired term of C. V. Wilson resigned, and held said office until the 31st day of December, 1944. During his tenure of office he received as his salary the sum of $175 per month. This suit was instituted by him against appellant, Fannin County, to collect the difference between the $175 which he received and the sum of $354.16 per month which he alleged he was entitled to receive as the salary theretofore fixed by the Commissioners' Court of Fannin County for said office. In answer to appellee's claim, Fannin County alleged that he had for many years been a deputy in the county clerk's office in said county and was familiar with the work and regulations concerning said office; that as deputy he received $125 per month for his services, that when the vacancy occurred he contacted the County Judge and the several commissioners and agreed that if they would appoint him county clerk he would take the job for $50 more per month than he was receiving as deputy, or $175 per month; that appellee as a result of said representation was appointed to the office, gave bond and duly qualified according to law; and that he received county vouchers for his salary of $175 per month, endorsed and cashed them without any complaint to the commissioners' court or any officer in the county; that but for such offer to perform the duties of county clerk for $175 per month he would not have been appointed; that "said offer, promise, and representation was false and falsely made; and that the said Dobbs at the time it was so made either made it falsely and deliberately knowing it was falsely made, or with reckless disregard of the falsity thereof * * *. That by virtue of the promises the said plaintiff was guilty of active fraud in that he made the offer, agreement, and representation in the knowledge that they were falsely made and that he would not abide thereby, or did

so in wanton and reckless disregard for the truth and honor thereof * * * and that by his own actions as above said, having induced the said commissioners' court to act upon his said offer and accept the same, he is now estopped to profit by his own wrongful acts and deed and sue herein in this cause or to claim any additional amount for his said services as county clerk, above and beyond what he has been paid for them."

At the conclusion of the testimony the trial court instructed the jury to return a verdict for appellee, and upon the verdict judgment was entered for appellee for the full amount of his claim, $1,254.16, with six per cent interest thereon from January 1, 1945.

The controlling question presented for our determination is whether or not the alleged acts of fraud on the part of appellee by which he procured his employment as county clerk would estop him to claim for his services as county clerk the full salary theretofore fixed by the commissioner's court as compensation for said office. We think the evidence is practically undisputed that the appellee agreed with the commissioners' court that he would accept $175 per month as his compensation for his services as county clerk; that it was by reason of such representations and promises he was given the appointment over other applicants; that he received $175 as compensation for each and every month he held that office; that he made no claim for the extra compensation until after his tenure of office had expired; and that he did not file this suit until after he had resigned his position as deputy clerk under his successor some months later. The courts of this State, both the Supreme Court and the Courts of Civil Appeals, have laid down the rule that an officer cannot estop himself from receiving the fixed statutory salary as compensation for an office. Under authority of R.S., Art. 3891, the commissioners' court of the appellant county had fixed the salary of the county clerk for said county at $4,250 per year. There seems to be no question but that appellee's predecessor and successor drew such salary. This being true appellee would be entitled under the law to a monthly salary equal to one-twelfth of the sum of $4,250.

A public officer cannot estop himself from claiming his statutory salary by agreeing to accept or by accepting a lesser amount than is provided by statute. In Morrison v. City of Ft. Worth, 138 Tex. 10, 155 S.W.2d 908, 910, it is said:

"Regardless of the question of confusion of authorities, we think it is the law in this State that a public officer cannot estop himself from claiming his statutory salary by agreeing to accept, or by accepting, less than the salary provided by law."

Cited in support of the above holding are the cases of Crutcher v. Johnson County, Tex.Civ.App., 79 S.W.2d 932; Nacogdoches County v. Winder, Tex.Civ. App., 140 S.W.2d 972. The following recent authorities we think are directly in point: City of Dallas v. McGuire, Tex.Civ. App., 159 S.W.2d 958; McGuire v. City of Dallas, 171 Tex. 170, 170 S.W.2d 722. This being true, appellee would be entitled to a monthly salary equal to one-twelfth of the sum of $4,250.

The record reveals that the population of Fannin County, as shown by the 1940 United States Census, was 41,060, so the salary payable to its officers, including the county clerk, is governed by R.S. Arts. 3883, Sec. 3; 3891, par. 4; 3899 and 3912e, Sec. 13, Vernon's Ann.Civ.St. arts. 3883, subd. 3, 3891, 3899, 3912e, § 13. At the time appellee was appointed county clerk his salary was fixed by the commissioners' court at $175 per month. Such action finds no basis in the statutes listed above and is therefore a nullity.

Regardless of our opinion with respect to the method used by appellee in securing the appointment, still we must be governed by the law as announced by our Supreme Court.

Judgment of the trial court is affirmed.