Billie Jean BROOM, Appellant,

v.

TYLER COUNTY COMMISSIONERS COURT, Appellee.

No. 8015.

Court of Civil Appeals of Texas, Beaumont.

Nov. 10, 1977.

James A. Clark, Woodville, for appellant.

John E. Kinney, James M. Allison, Woodville, for appellee.

KEITH, Justice.

█ Plaintiff below appeals from an adverse judgment rendered in a bench trial wherein she sought additional compensation claimed to be due her as Justice of the Peace of Precinct 2 of Tyler County. We have no statement of facts but, by a stipulation filed in this court simultaneously with the filing of the transcript, the parties have agreed "that the Findings of Fact made by the Trial Court shall constitute [the] Statement of Facts proven at the trial of said cause," and we have twenty-five findings followed by five conclusions of law.

Additionally, the parties entered into a formal stipulation in the trial court which we now summarize:

(1) Plaintiff took office on January 2, 1975;

(2) Her salary, as fixed by the Commissioners Court, was and is $50 per month; and,

(3) The salary of her predecessor in office, from January 9, 1973, until October 25, 1973, was $400 per month and, thereafter, was fixed at $50 per month.

The individual members of this Court—as individuals and not as judges—have little sympathy with a rule of law which requires a county to pay a justice of the peace a salary of $400 per month when the sole official function consists of presiding at a couple of speeding cases a month. While we may agree—again personally and not officially—with the trial court's findings of "unjust enrichment", etc., a plain error of law is apparent on the face of the record which commands the entry of a judgment against the county. With this preface, we enter, somewhat reluctantly, upon our assigned task of applying the statutory law of the State to the undisputed facts confronting us in the record.

Tex.Rev.Civ.Stat.Ann. art. 3912k, § 1 (Supp.1977), reads:

"Except as otherwise provided by this Act and subject to the limitations of this Act, the commissioners court of each county shall fix the amount of compensation, office expense, travel expense, and all other allowances for county and precinct officials and employees who are paid wholly from county funds, *but in no event shall such salaries be set lower than they exist at the effective date of this Act.*" (emphasis added)

The italicized language compels the result which we must reach in this case. Under § 9 of the Act, its effective date was fixed at January 1, 1972, but the italicized language set out above was added in 1973 and thus became effective on May 25, 1973.

█ The parties have not cited, nor have we discovered in our own research, any appellate decision squarely in point on the question. However, there are at least two opinions from the Attorney General of Texas construing the statute as it is involved in the case at bar. Opinions of the attorney general rendered in due course are quite generally regarded as highly persuasive and are entitled to great weight unless clearly wrong. See generally *Jones v. Williams*, 121 Tex. 94, 45 S.W.2d 130, 131, 79 A.L.R. 983 (1931), and *Royalty v. Nicholson*, 411 S.W.2d 565, 572 (Tex.Civ.App.—Houston 1967, writ ref'd n. r. e.).

We agree with this language found in *Opinion No. H–572* (April 1, 1975) by the Honorable John L. Hill, Attorney General of Texas:

"The effective date of article 3912k was January 1, 1972. That article was amended to include justices of the peace by Acts 1973, 63rd Leg., ch. 188, p. 423. This statute was effective May 25, 1973."

The parties have stipulated that on May 25, 1973, the Commissioners Court had fixed the salary of the Justice of the Peace of Precinct 2 of Tyler County at $400 per month. Under the plain language of the statute, such salary cannot be set lower than it was on that date. Attorney General Hill so held in the opinion noted above and we have reached the same conclusion. See also *Opinion No. H–39* (May 14, 1973), relating to constables.

■ Defendant argues that plaintiff knew that the salary was only $50 per month when she ran for and was elected to the office of justice of the peace. From this premise, it argues that she is now estopped to claim the full salary she is entitled to under the provisions of the statute considered above. Moreover, defendant claims that plaintiff's complete lack of qualification to discharge the duties of the office and the low volume of business results in her unjust enrichment if the statute is held applicable. Indeed, the trial court so found in its findings of fact and conclusions of law. Again, and as a matter of law, we find that the trial court erred.

■ In *Morrison v. City of Fort Worth*, 138 Tex. 10, 155 S.W.2d 908, 910 (1941), our Supreme Court laid down this rule:

"[W]e think it is the law in this State that a public officer cannot estop himself from claiming his statutory salary by agreeing to accept, or by accepting, less than the salary provided by law."

See also *Fannin County v. Dobbs*, 202 S.W.2d 950, 951 (Tex.Civ.App.—Texarkana 1947, no writ), and cases therein cited.

We have reviewed the authorities cited by the defendant and do not find them to be persuasive, much less controlling on the record before us.

Although plaintiff contends that the amount of money to which she is entitled is simply a matter of arithmetical calculation, we believe it would be more appropriate for us to direct the trial court to make such computation and to include it in a judgment. Therefore, we reverse the judgment of the trial court and remand the cause to the trial court with these instructions:

(1) The Court will determine the amount of money plaintiff has earned as Justice of the Peace of Precinct 2 of Tyler County calculated upon the basis of $400 per month from the date she took office less the amount which she has received; (2) the Court will compute interest upon each such monthly installment at the rate of nine percent per annum from the date such monthly installment became due until the date of the judgment and such interest shall be added to the salary found under subdivision (1) of this decree. (3) The two sums shall then be added and judgment entered whereby plaintiff shall have and recover such sums from the defendant, Tyler County, Texas.

Additionally, the judgment of the trial court will order the defendant, Commissioners Court of Tyler County, Texas, to pay such judgment forthwith from any current funds from which such a payment may be made legally.

In the event there are no current funds available from which such payment can be made legally, the Court's judgment shall include a writ of mandamus requiring the defendant to levy and collect a tax sufficient to discharge the said judgment and interest thereon. (4) The Court shall issue the writ of mandamus directing the said defendant to pay plaintiff her salary of $400 per month as and when it comes due for the remainder of her term of office and until such salary is lawfully changed. All costs in all courts are adjudged against the defendant but we do not order execution to issue thereon.

■ The result which we have reached is required by a legislative enactment. Under these circumstances, we follow the rule announced by our Supreme Court in *Fire Ass'n of Philadelphia v. Love*, 101 Tex. 376, 108 S.W. 158, 160 (1908),

"It is not permissible for a court, no matter what its opinion might be of the policy of the enactment or of the justice of its effect, to substitute its own opinions with regard to such matters for the

**438**

plain and clearly stated intention of the legislative department."

The judgment of the trial court is reversed and the cause is remanded with instructions.

REVERSED and REMANDED with instructions.