

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

June 13, 1985

Honorable James A. Rasmussen
Wichita County Attorney
Wichita County Courthouse
7th & Lamar, Suite 207
Wichita Falls, Texas    76301

Opinion No. JM-326

Re: Whether a commissioners court may reduce a county attorney's salary after the annual budget has been adopted

Dear Mr. Rasmussen:

You have requested an opinion from this office regarding the authority of the commissioners court to reduce the salary of the county attorney after the annual budget for the county has been approved. Specifically, you ask the following questions:

> 1. Does a commissioners court have authority to reduce the salary of a county attorney after the annual budget hearing and budget adoption proceedings?
>
> 2. Is the county attorney estopped from claiming back salary by subsequently accepting less than the salary set pursuant to article 3912k, V.T.C.S.?

To assist us in rendering our opinion, you have supplied the following facts:

> 1. On September 12, 1983, after the annual budget hearing, the final budget of Wichita County, Texas for the year of 1984 was certified by the county judge and filed with the county clerk of Wichita County, Texas.
>
> 2. The salary of the county attorney in said budget was set at a sum of $38,919.00 per annum.
>
> 3. On December 31, 1983, the incumbent county attorney resigned from office.
>
> 4. On January 9, 1984, I was appointed county attorney by the commissioners court of Wichita County, Texas.

5. On the same date (January 9, 1984) the commissioners court entered an order reducing the salary of the county attorney to the sum of $30,312.00 per annum. This is the salary currently being paid.

6. No notice was provided by the commissioners court as to the proposed salary reduction.

In most counties, the commissioners court must approve the yearly operating budget for the county at an annual budget hearing and may amend the budget to allow emergency expenditures in times of grave public necessity. V.T.C.S. art. 689a-11. The commissioners court may also make "changes in the budget for county purposes." V.T.C.S. art. 689a-20.

The general rule derived from the aforementioned authorities was summarized in Attorney General Opinion H-11 (1973):

In most situations amendments to a county budget will have to meet the requirements of Article 689a-11, V.T.C.S. Whether circumstances exist which will warrant an amendment to the budget will be a question of fact in each case.

This rule, however, assumes a different tenor when applied to the salaries of county officers and employees contained in the annual county budget:

[A]s to salaries of county officers and employees, the rule has been impliedly amended by the enactment, in 1971, of Article 3912k. . . .

Attorney General Opinion H-11 (1973).

Article 3912k, V.T.C.S., establishes guidelines to be observed by the commissioners court when setting the salaries of certain county officials and employees. It contains the following pertinent provisions:

Section 1. Except as otherwise provided by this Act and subject to the limitations of this Act, the commissioners court of each county shall fix the amount of compensation, office expense, travel expense, and all other allowances for county and precinct officials and employees who are paid wholly from county funds, but in no event shall such salaries be set lower than they exist at the effective date of this Act.

. . . .

> Sec. 2. (a) The salaries, expenses, and other
> allowances of elected county and precinct officers
> shall be set each year during the regular budget
> hearing and adoption proceedings on giving notice
> as provided by this Act.  (Emphasis added).

In Attorney General Opinion H-11 (1973), it was stated that section 2 "applies only to elected county and precinct officers, [and] requires that their salaries be set during the regular budget hearing." (Emphasis added). The opinion further noted that because section 1 of article 3912k imposes no similar limitation on the authority of the commissioners court to fix salaries of non-elected employees and officials, these salaries

> may be fixed at times other than during the
> regular budget hearing.  To the extent that this
> is inconsistent with Article 689a-11, Article
> 3912k furnishes an implied exception thereto.

Attorney General Opinion H-11 (1973) (citations omitted).  It is clear that since the county attorney is an elected official, see Tex. Const. art. V, §21, the salary for that office may be considered and adopted only during the regular, annual budget hearing and adoption proceedings.  V.T.C.S. art. 3912k, §2(a).  Cf. Attorney General Opinion JM-313 (1985).

One of the established rules of statutory construction decrees that when two statutes affect the same general subject matter, the more specific of the two is controlling.  See Sam Bassett Lumber Co. v. City of Houston, 198 S.W.2d 879 (Tex. 1947); East Texas Oxygen Co. v. State, 681 S.W.2d 741, 745 (Tex. App. - Austin 1984, no writ).  In this instance, both articles 689a-11 and 3912k deal generally with county budget matters and the commissioners court's discretion in creating the budget.  Article 3912k, however, deals in particular with the salaries of county and precinct officials and employees, subjects that would otherwise be guided by article 689a-11.  Accordingly, we believe that article 3912k, and the interpretations of the statute by the courts and this office, control the outcome of your inquiry. Thus, in Attorney General Opinion H-643 (1975) this office concluded that the commissioners court may not reduce the salary of the county attorney below the amount fixed at the annual budget hearing until the following fiscal year.  This opinion noted that although article 3912k deals generally with salary increases,

> [i]mplicit in this conclusion is the corollary
> that the salaries of these [elected county and
> precinct] officials may not be decreased until the
> next fiscal year.  (Emphasis in original).

It appears, then, that the commissioners court is not accorded the discretion to "make changes in" or to amend the salaries of elected county and precinct officials pursuant to article 689a-11 and 689a-20 after approval at the regular budget hearing. We therefore answer your first question in the negative.

Your second question asks whether the acceptance of a salary in an amount less than that set in accordance with article 3912k estops the county attorney from claiming the amount he is entitled to receive by law. The rule which answers your inquiry was first announced in Morrison v. City of Fort Worth, 155 S.W.2d 908, 910 (Tex. 1941) and most recently affirmed in Broom v. Tyler County Commissioners Court, 560 S.W.2d 435, 437 (Tex. Civ. App. - Beaumont 1977, no writ):

> [W]e think it is the law in this State that a public officer cannot estop himself from claiming his statutory salary by agreeing to accept, or by accepting, less than the salary provided by law.

Your second question, accordingly, is answered in the negative. We caution that our answers here should not be read to divest the commissioners court of its discretion to fix salaries in accordance with the laws of the state, or to require the court to award anything more than what it considers to be a reasonable salary. See V.T.C.S. art. 3912k. Cf. Vondy v. Commissioners Court of Uvalde County, 620 S.W.2d 104, 108 (Tex. 1981).

## S U M M A R Y

The commissioners court may not reduce the salary of the county attorney, or any salary set pursuant to section 2 of article 3912k, V.T.C.S., from the amount approved at the annual budget hearing and budget adoption proceedings. The county attorney is not estopped from claiming the amounts he is entitled to receive under article 3912k by accepting a salary less than the sum originally approved pursuant to article 3912k.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton