Honorable Jesusa Sanchez-Vera Jim Wells County Attorney P.O. Drawer 2080 Alice, Texas 78333
Re: Whether a municipal judge may simultaneously serve as county auditor
Dear Ms. Sanchez-Vera:
You ask whether the municipal judge of the city of Alice may continue to serve as judge after he has been appointed county auditor for Jim Wells County. You inform us that the individual in question wrote to the city council stating that he would continue to serve as municipal judge but would forego the salary attached to that position.
Article XVI, section 40 of the Texas Constitution prevents one person from holding two civil offices of emolument. The office of county auditor and of municipal judge are both civil offices of emolument. See Purcell v. Carrillo, 349 S.W.2d 263
(Tex.Civ.App.-San Antonio 1961, no writ); Attorney General Opinions V-1541 (1952); O-2684 (1940); see also State v. Brinkerhoff, 17 S.W. 109 (Tex. 1886). When a civil officer of emolument accepts and qualifies for another civil office of emolument, he is deemed to have vacated the first office. State v. Brinkerhoff, supra. Centeno v. Inselmann, 519 S.W.2d 889
(Tex.Civ.App.-San Antonio 1975, no writ). Thus, by accepting and qualifying for the office of county auditor, the individual in question effectively resigned his office as municipal judge.
His attempt to refuse the compensation of the municipal judge does not enable him to continue to hold the office. The compensation attached to a judge's office is an incident to his title to office. Markwell v. Galveston County, 186 S.W.2d 273
(Tex.Civ.App.-Galveston 1945, writ ref'd). A public officer or employee cannot make a valid agreement to accept less compensation than the amount fixed by law. McGuire v. City of Dallas, 170 S.W.2d 722 (Tex. 1943); Morrison v. City of Fort Worth, 155 S.W.2d 908 (Tex. 1941). But see V.T.C.S. art. 3912m. He cannot estop himself from collecting the full compensation by agreeing to accept less or actually accepting less. Id.; Broom v. Tyler County Commissioners Court, 560 S.W.2d 435
(Tex.Civ.App.-Beaumont 1977, no writ). This rule applies to officers whose compensation is fixed by statute and those whose compensation is fixed by a governmental body pursuant to statutory authority. See, e.g., Morrison v. City of Fort Worth, supra, (firemen's compensation established by state minimum wage provision); Broom v. Tyler County Commissioners Court, supra, (J.P.'s salary fixed by commissioners court pursuant to article 3912k, V.T.C.S.); Fannin County v. Dobbs, 202 S.W.2d 950
(Tex.Civ.App.-Texarkana 1947, no writ) (county clerk's salary fixed by commissioners court pursuant to articles 3883, 3891, 3899, 3912e, V.T.C.S.).
The governing body of the city sets the municipal judge's salary. V.T.C.S. art. 1010; see also V.T.C.S. art. 1199a (compensation of substitute judge). The municipal judge has no power to waive that salary. He holds an office of emolument whether or not he accepts the compensation attached to the office.
 SUMMARY
A municipal judge holds a civil office of emolument even though he refuses to accept the compensation attached to his office. Article XVI, section 40 of the Texas Constitution prohibits a municipal judge who qualifies for the position of county auditor from continuing to serve as municipal judge.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Susan L. Garrison Assistant Attorney General