

# The Attorney General of Texas

February 21, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Guy Hardin
District Attorney
P. O. Box 1592
Pampa, Texas    79065

Opinion No. JM-428

Re: Expenditure of $27,650 allocated by the legislature for the benefit of the district attorney of the 31st and 223rd judicial districts

Dear Mr. Hardin:

You inquire about the funding for the office you hold as district attorney for the 31st and 223rd judicial districts. Section 24.133 of the Government Code, formerly article 199, section 31, V.T.C.S., provides that the 31st judicial district shall be composed of five counties, including Gray County. Section 24.401 of the Government Code, formerly article 199a, section 3.050, V.T.C.S., establishes the 223rd judicial district composed of Gray County.

Your question concerns the management of the $27,650 which the state has allocated to your office for office expenses other than your own salary. Chapter 46 of the Government Code, the Professional Prosecutors Act, provides for this appropriation:

> Sec. 46.004. EXPENSES. (a) Each prosecutor is entitled to receive not less than $22,500 a year from the state to be used by the prosecutor to help defray the salaries and expenses of the office. That money may not be used to supplement the prosecutor's salary.
>
> (b) Each prosecutor shall submit annually to the comptroller of public accounts a sworn account showing how this money was spent during the year. [Formerly V.T.C.S. art. 332b-4, §4].

The district attorney for the 31st judicial district is entitled to this appropriation. Government Code §46.002(1). The current Appropriations Act provides a maximum of $27,650 per district per year in multi-county districts. Acts 1985, 69th Leg., ch. 980, art. IV, at 7722.

You state that the Gray County Commissioners Court has in effect completely taken this amount away from your office when your budget

was submitted. The court has established a procedure whereby the full amount of $27,650 is deducted from your office budget and the five counties comprising the 31st district allow the balance of your office budget as their portion to be paid for the expenses of the office.

The counties that comprise the district are responsible for paying the salaries of the district attorney's staff and the expenses of his office. Government Code §§41.106, 41.107. The Professional Prosecutors Act provides the following:

> (a) It is the purpose of this chapter to increase the effectiveness of law enforcement in this state and to increase the funds available for use in prosecution.
>
> (b) The commissioners court in each county that has a prosecutor subject to this chapter shall provide the funds necessary to carry out the purpose of this chapter and shall continue to provide funds for the office of the prosecutor in an amount that is equal to or greater than the amount of funds provided for the office by the county on August 27, 1979. This subsection does not apply to local supplementation to the salary of the prosecutor.

Government Code §46.006. This provision became effective on August 27, 1979. Acts 1979, 66th Leg., ch. 705, at 1709 (codified as V.T.C.S. art. 332b-4). The five counties in the 31st judicial district must continue funding your office in an amount at least equal to the amount of funding each one provided on that date. See Broom v. Tyler County Commissioners Court, 560 S.W.2d 435 (Tex. Civ. App. - Beaumont 1977, no writ); Attorney General Opinions H-572 (1975); H-39 (1973) (applying provisions in article 3912k, V.T.C.S., which prevents commissioners court from setting salaries lower than they were on effective date of statute). We do not know how much funding each county provided the district attorney's office in 1979; thus, we cannot determine whether their present funding is sufficient.

You also state that for the past two years, each item you have submitted for payment to the various counties has been refused because you did not include it in your budget. This year, you put a contingency item in your budget which the commissioners court summarily struck; thus you again will be unable to pay for unexpected office expenses.

Attorney General Opinion JM-70 (1983) discusses the role of the commissioners court in adopting the budget for the county's

prosecuting office.  It expressed the following opinion about the state funds for the district attorney's office:

> In our opinion the funds received by a district attorney pursuant to the Professional Prosecutors Act may be used in his sole discretion for the purposes authorized under the statute and are not subject to control by the commissioners court. Section 4 of article 332b-4 states that the state funds are payable to the district attorney and are to be used by the district attorney. See Acts 1981, 67th Leg., Appropriations Act, Judiciary Section - Comptroller's Department, §9 ('payments shall be made directly to district attorney'). [See also Acts 1985, 69th Leg., ch. 980, art. IV at 7722.]

Section 41.106 of the Government Code applies to budgeting for county funds. The district attorney prepares his budget and submits it to the commissioners court, subject to their veto.  Attorney General Opinions JM-313 (1985); H-922 (1977); H-908 (1976); H-656 (1975).  In our opinion, the commissioners court may veto an item in your proposed budget which allocates county funds to contingencies, but it may not prevent you from using the state funds received under chapter 46 of the Government Code for contingencies.

## S U M M A R Y

> When a district attorney receives state funds for his office expenses under section 46.004 of the Government Code, the counties composing the district must continue to provide funds for his office in an amount at least equal to the amount of funds provided for the office by the county on the effective date of the act.  Funds received under this statute are not subject to appropriation or control by the commissioners court.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General