

# THE ATTORNEY GENERAL
## OF TEXAS

February 17, 1989

JIM MATTOX
ATTORNEY GENERAL

Sam A. Nixon, M.D.
Chairman
State Rural Medical
   Education Board
P. O. Box 12663
Austin, Texas  78711

Opinion No.  JM-1018

Re:  Validity of a rider trans-
ferring duties  from the  State
Rural Medical  Education  Board
to the Coordinating Board
(RQ-1612)

Dear Dr. Nixon:

The legislature  created  the Texas  Medical  Education
Board pursuant to  article III,  section 50a,  of the  Texas
Constitution.   That article provides:

> The Legislature shall create a State  Medical
> Education Board to  be composed  of not  more
> than six  (6) members  whose  qualifications,
> duties and  terms  of office  shall  be  pre-
> scribed by law.   The Legislature shall  also
> establish a State Medical Education Fund  and
> make adequate appropriations  therefor to  be
> used by the State Medical Education Board  to
> provide  grants,  loans  or  scholarships  to
> students  desiring  to  study  medicine   and
> agreeing to practice  in the  rural areas  of
> this State, upon such terms and conditions as
> shall be prescribed by law.  The term 'rural
> areas' as  used  in  this  Section  shall  be
> defined by law.

Tex. Const. art. III,  § 50a.  The enabling legislation  for
this amendment may be found in article 4498c, V.T.C.S.

You note that a rider in the General Appropriations Act
for the 1988-89 Biennium  states that it  "is the intent  of
the Legislature that the operations and responsibilities  of
the State Rural  Medical Education Board  be transferred  to
the  Coordinating  Board,   Texas  College  and   University
System."  General Appropriations Act, Acts 1987, 70th  Leg.,
2d C.S., ch. 78, art. III, at 725.

You relate that the Rural Medical Education Board

> has declined to enter into an interagency contract with the Coordinating Board and has instead continued operations in unused space in an existing state office building. The . . . Acting Director has been serving without pay since September 1, 1988, and has been relying on the unpaid assistance of his wife, in order to keep the affairs of the Board current. Both persons have been properly appointed. Necessary expenditures are being made from the appropriate budget line items and no debt is being incurred.

In light of these circumstances, you ask two questions:

> (1) Whether rider No. 3 [to the appropriation for the Rural Medical Education Board in the General Appropriations Act] is valid, given that it appears to be general legislation contained in an appropriations act in violation of the unity-of-subject clause of article III, section 35 of the Texas Constitution, and given that it may be a _de facto_ termination by the Legislature of an agency created by the Texas Constitution; and

> (2) Whether the unpaid service of the duly appointed employees of the Board is in violation of any law.

Article III, section 35, of the Texas Constitution prohibits the enactment of general legislation in a general appropriations act. _Moore v. Sheppard_, 192 S.W.2d 559, 561-62 (Tex. 1946). A rider to a general appropriations bill may only "detail, limit, or restrict the use of funds." Attorney General Opinions MW-585 (1982); MW-389 (1981); MW-51 (1979); V-1254, V-1253 (1951).

In our opinion, the rider at issue here is unconstitutional. It does not appropriate funds, nor does it detail, limit, or restrict the use of funds appropriated elsewhere. Rather it is a general directive in derogation of the constitutional and statutory directive concerning the affairs of the Rural Medical Education Board. Because the rider constitutes general legislation, it is violative of article III, section 35, of the Texas Constitution, and

hence, void and of no effect. See Attorney General Opinion MW-585 (1982) (rider on cooperation between Board of Barber Examiners and Cosmetology Commission). As an invalid provision, it cannot require the Rural Medical Education Board to take any action, either to enter into an inter-agency contract with the Coordinating Board or to make an effort to do so.[1]

State law forbids state agencies to accept donations of money and property because expenditures may be made only pursuant to authorization by the legislature. Tex. Const. art. III, § 44. See generally Attorney General Opinion JM-459 (1986) and the cases cited therein. The acceptance of voluntary services does not involve the expenditure of state funds.[2] The absence of a specific authorization to accept the donation of services hence is of no consequence. See Attorney General Opinion H-1318 (1978).

The board is authorized to employ a director and other employees only "within the limits of funds made available for such purposes." See V.T.C.S. art. 4498c, § 5(f). The board thus in no case can bind the state to pay more than the funds available during the time the appointments are in effect. See Pickle v. Finley, 44 S.W. 480 (Tex. 1898). Accordingly, if the Rural Medical Education Board continues to accept the services of the employees which it has appointed, then the employees, or their heirs and legatees, may not assert a claim against the state for the value of their services. See generally Morrison v. City of Fort Worth, 155 S.W.2d 908 (Tex. 1941); see also Broom v. Tyler County Commissioners Court, 560 S.W.2d 435 (Tex. Civ. App. - Beaumont 1977, writ ref'd n.r.e.).

---

1. The existence, nature, and duties of the Rural Medical Education Board are prescribed in the Texas Constitution, and it is axiomatic that only a properly ratified constitutional amendment may alter the existing constitutional provision.

2. We do not here address any issue of potential agency liability for the acts of volunteers.

## S U M M A R Y

The functions and duties of the Texas Rural Medical Education Board may not be transferred to the Coordinating Board, Texas College and University System, by means of a rider to the General Appropriations Act. Tex. Const. art. III, § 35. The Rural Medical Education Board may accept a donation of services from employees appointed to positions by the board who agree to serve without salary.

Very truly yours

**JIM MATTOX**
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by D. R. Bustion, II
Assistant Attorney General