

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 24, 2004

Mr. Jerry Clark
Executive Vice President and General Manager
Sabine River Authority of Texas
Post Office Box 579
Orange, Texas 77631

Opinion No. GA-0250

Re: Whether a county clerk may serve simultaneously as a director of the Sabine River Authority (RQ-0203-GA)

Dear Mr. Clark:

You ask whether a county clerk may serve simultaneously as a director of the Sabine River Authority.[1]

Specifically, you ask three questions:

1. Does the elected office of County Clerk and an appointment as a Director of the Sabine River Authority of Texas constitute a dual civil office of emolument such as is prohibited by Article XVI, Section 40, of the Texas Constitution?

2. Does a per diem, as granted by the 1955 Amendments to Chapter 101 of the Session Laws as amended to Sabine River Authority directors constitute an[] emolument as prohibited for dual office by Article XVI, Section 40, of the Texas Constitution?

3. Can the per diem contemplated by the 1955 Amendments to Chapter 101 of the Session Laws as amended be disavowed, relinquished or rescinded in any manner as to remove such a disqualification?

Request Letter, *supra* note 1, at 1.

Article XVI, section 40 of the Texas Constitution provides, in relevant part, that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." TEX. CONST. art.

---

[1]Letter from Mr. Jerry Clark, Executive Vice President and General Manager, Sabine River Authority, to Honorable Greg Abbott, Texas Attorney General (Mar. 29, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

XVI, § 40. As a paid, elected constitutional officer, the county clerk holds a civil office of emolument for the purposes of article XVI, section 40. *See* TEX. CONST. art. V, § 20 (establishing the office of county clerk); *see also* TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 1999) (providing county commissioners court authority to set county clerk's salary). The office of county clerk does not fall within any of the exceptions to article XVI, section 40. *See* TEX. CONST. art. XVI, § 40.

A director of the Sabine River Authority holds a civil office of emolument as well. Management and control of the affairs of the Sabine River Authority district are vested in its board of directors, which consists of members appointed by the governor and confirmed by the senate. *See* Act of Apr. 27, 1949, 51st Leg., R.S., ch. 110, § 3, 1949 Tex. Gen. Laws 193, 194. Various governmental powers are conferred upon the directors of the river authority, including that of eminent domain. *See id.* § 14, at 196-97. The directors are to receive twenty-five dollars for each day of service necessary to discharge their duties. *See* Act of Apr. 6, 1955, 54th Leg., R.S., ch. 101, § 2, 1955 Tex. Gen. Laws 379, 379-80 (amending Act of Apr. 27, 1949, 51st Leg., R.S., ch. 110, § 7, 1949 Tex. Gen. Laws 193, 195, to increase the ten dollar per diem to twenty-five dollars).

The directors of the river authority exercise sovereign functions of the government largely independent of the control of others, and they receive compensation for serving. *See Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955). Furthermore, the established per diem is an "emolument" for purposes of article XVI, section 40, because the per diem is a pecuniary profit, gain, or advantage paid to an officer and is not merely a reimbursement for expenses. *See* Act of Apr. 6, 1955, 54th Leg., R.S., ch. 101 § 2, 1955 Tex. Gen. Laws, 379, 379-80 (the per diem is *in addition to* actual expenses); *Irwin v. State*, 177 S.W.2d 970 (Tex. Crim. App. 1944); *Willis v. Potts*, 377 S.W.2d 622 (Tex. 1964) (even a token payment constitutes an emolument). Therefore, a director of the Sabine River Authority, without reference to anything else, occupies a civil office of emolument within article XVI, section 40 of the Texas Constitution. *See* Tex. Att'y Gen. Op. No. JM-594 (1986) at 1-2 (determining, for similar reasons expressed here, that a director of the Angelina and Neches River Authority occupies a civil office of emolument); *see also* Tex. Att'y Gen. Op. No. JM-172 (1984) at 3 (directors of river authorities are not included within exception in article XVI, section 40 for directors of soil and water conservation districts).

You also ask if the per diem may be "disavowed, relinquished or rescinded in any manner" to avoid triggering article XVI, section 40. Request Letter, *supra* note 1, at 1 (question 3). Judicial decisions and this office have determined that compensation attached to an office is an incident of office that the office holder cannot repudiate. *See Markwell v. Galveston County*, 186 S.W.2d 273 (Tex. Civ. App.–Galveston 1945, writ ref'd); Tex. Att'y Gen. Op. No. JM-333 (1985); *see also Morrison v. City of Fort Worth*, 155 S.W.2d 908, 910 (Tex. 1941) (public officers cannot estop themselves from collecting the full compensation by agreeing to accept less or actually accepting less); *Broom v. Tyler County Comm'rs Court*, 560 S.W.2d 435, 437 (Tex. Civ. App.–Beaumont 1977, no writ).

However, Texas Government Code section 574.005 provides that:

> An individual who holds an elected or appointed local government office may be appointed to the governing body of a state

> agency if otherwise eligible. The individual may not receive compensation for serving on the governing body of the state agency but may be reimbursed as provided by other law for a reasonable and necessary expense incurred in the performance of an official function.

TEX. GOV'T CODE ANN. § 574.005(b) (Vernon Supp. 2004-05). For the purposes of this statute a county clerk is an elected local government office and the Sabine River Authority is a state agency. *See id.* § 574.005(a)(1)-(2); *see also* Act of Apr. 27, 1949, 51st Leg., R.S., ch. 110, § 1, 1949 Tex. Gen. Laws 193, 194 (establishing the Sabine River Authority as a state agency). Section 574.005, in this situation, detaches the compensation normally attached to the office of a Sabine River Authority director, which has the effect of eliminating that office as an office of emolument. Thus, provided that a county clerk is otherwise eligible, the county clerk may be appointed as a director of the Sabine River Authority to serve simultaneously in both offices without violating the Texas Constitution.

Although Government Code section 574.005 removes the constitutional barrier in this instance, we must also consider the common-law doctrine of incompatibility to determine a person's eligibility to hold two offices. *See* TEX. GOV'T CODE ANN. § 574.005(b) (Vernon Supp. 2004-05) ("An individual who holds an elected or appointed local government office may be appointed to the governing body of a state agency *if otherwise eligible*.") (emphasis added). The common-law doctrine of incompatibility prevents one from holding two public offices the duties of which are inconsistent or in conflict ("conflicting loyalties" incompatibility), appointing oneself to another public entity ("self appointment" incompatibility), or holding an employment subordinate to one's public office ("self-employment" incompatibility). *See* Tex. Att'y Gen. Op. No. GA-0032 (2003) at 4.

Conflicting loyalties incompatibility can arise in several situations. As a general matter, where geographical boundaries of two governmental bodies overlap, there is the potential for conflict, particularly where both entities collect taxes. *See* Tex. Att'y Gen. Op. No. GA-0015 (2003) at 2. It is also well established that when two governmental bodies are authorized to contract with each other, one may not serve as a member of both. *Id.* However, the duties of a county clerk and a director of the Sabine River Authority do not conflict, because holding both offices would not prevent one from exercising independent and disinterested judgment in either or both offices. *See generally* Tex. Att'y Gen. Op. No. GA-0169 (2004); *Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted). Neither office has taxing authority, nor are they authorized to contract with each other. *Compare* TEX. GOV'T CODE ANN. § 51.402 (Vernon 1998), *and* TEX. LOC. GOV'T CODE ANN. ch. 82 (Vernon 1999) (powers and duties of county clerk), *with* Act of Apr. 27, 1949, 51st Leg., R.S., ch. 110, § 3, 1949 Tex. Gen. Laws 193 (powers and duties of Sabine River Authority director).

The incompatibilities of self-appointment and self-employment are equally inapplicable. A county clerk is elected, *see* TEX. CONST. art. V, § 20, and a director of the Sabine River Authority is appointed by the governor, *see* Act of Apr. 27, 1949, 51st Leg., R.S., ch. 110, § 3, 1949 Tex. Gen. Laws 193, 194; neither is an employee of the other. Consequently, a county clerk may serve simultaneously as a director of the Sabine River Authority.

## S U M M A R Y

The offices of county clerk and director of the Sabine River Authority are both civil offices of emolument when occupied by separate individuals. A director of the Sabine River Authority holds a civil office of emolument regardless of whether that director accepts the compensation attached to the office. However, while article XVI, section 40 of the Texas Constitution prohibits an individual from simultaneously holding two offices of emolument, section 574.005 of the Government Code allows a local government officer to be appointed to the governing body of a state agency. Section 574.005 prohibits a local government officer from being compensated for serving in the appointed office, which prohibition renders the appointed office merely a civil office, not a civil office of emolument. Therefore, article XVI, section 40 of the Texas Constitution would not prevent a county clerk from serving simultaneously as a director of the Sabine River Authority. Furthermore, the common-law doctrine of incompatibility does not present a bar.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee